[Cite as *State v. Kinser*, 2020-Ohio-1219.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| CHAD KINSER | : | Case No. CT2019-0064 |
| | : | |
| Defendant | : | |
| | : | |
| and | : | |
| | : | O P I N I O N |
| CASTLE BAIL BONDS | : | |
| | : | |
| Appellant | : | |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2019-0192

JUDGMENT:     REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:     March 27, 2020

APPEARANCES:

For Plaintiff-Appellee:     For Appellant:

D. MICHAEL HADDOX     APRIL F. CAMPBELL
MUSKINGUM COUNTY PROSECUTOR     545 Metro Place South, Suite 100
Dublin, OH 43701
TAYLOR P. BENNINGTON
27 North Fifth St., PO Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Castle Bail Bonds appeals the July 17, 2019 judgment entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Defendant Chad T. Kinser was indicted by the Muskingum County Grand Jury on April 10, 2019 for the offenses of Failure to Comply (Risk of Harm), a felony of the third degree, in violation of R.C. 2921.331(B); Failure to Comply (Flee after Felony), a felony of the fourth degree, in violation of R.C. 2921.331(B); and Receiving Stolen Property (Motor Vehicle), a felony of the fourth degree, in violation of R.C. 2913.51(A). Kinser was arrested on April 2, 2019 and arraigned on April 17, 2019, where he entered a plea of not guilty to the charges.

{¶3}   The trial court set a bond in the amount of $100,000 cash, property, or surety. On May 23, 2019, Appellant Castle Bail Bonds posted bond for Kinser in the amount of $100,000.

{¶4}   Kinser last reported on bond on June 4, 2019. A warrant was issued for Kinser's arrest on June 6, 2019 for his failure to abide by a condition of his bond.

{¶5}   The State filed a Motion for Forfeiture of Bail on June 10, 2019.

{¶6}   The matter was set for a jury trial on June 13, 2019. Kinser failed to appear for the jury trial.

{¶7}   On June 25, 2019, the trial court issued an Order of Bond Forfeiture. It stated that upon Kinser's failure to appear for the jury trial, the trial court ordered the surety bond posted by Castle Bail Bonds forfeited pursuant to R.C. 2937.35. The Order further stated:

Pursuant to Section 2937.36(C), the Clerk of this Court shall notify the Defendant herein, Chad Kinser and each surety, by written notice, to be served by certified mail (return receipt required) and by ordinary U.S. Mail, at the addresses shown by each of them in their affidavits of qualifications or on the record of the same, of the default of the Defendant herein and the adjudication of forfeiture and shall require each of them to show cause on or before a date certain to be stated in the notice, which shall be not less than twenty (20) nor more than thirty (30) days from the date of the mailing of said notice, why judgment should not be entered against them. If good cause by production of the body of the Defendant or otherwise is not shown, the Court shall thereupon enter judgment against the sureties, so notified, in such amount, not exceeding the penalty of the bond.

(Order of Forfeiture, June 25, 2019).

{¶8} A forfeiture hearing was held on July 15, 2019. Eric Castle of Castle Bail Bonds appeared at the hearing and requested an extension of time based on R.C. 2937.36(C). Castle stated that in 2011, R.C. 2937.36(C) was amended to extend the show cause hearing time requirement to 45 to 60 days after mailing of the notice. (T. 4, 5). The trial court stated that it had not yet declared the bond forfeited. (T. 6). Castle responded that pursuant to the statute, when the trial court declares the bond forfeit, the surety should have no less than 45 days to no more than 60 days to show cause. (T. 6).

{¶9} Castle Bail Bonds filed a Motion to Extend Time for Bond Forfeiture on July 17, 2019. In its motion, Castle Bail Bonds requested a 25 day to 40 day extension of time for a show cause hearing pursuant to R.C. 2937.38(C).

{¶10} On July 17, 2019, the trial court issued its Judgment Entry of Forfeiture of Bond.

{¶11} The trial court denied the motion of Castle Bail Bonds on July 23, 2019.

{¶12} On August 2, 2019, Castle Bail Bonds filed its Notice of Appeal of the July 17, 2019 Judgment Entry of Forfeiture of Bond.

## ASSIGNMENT OF ERROR

{¶13} Castle Bail Bonds raises one Assignment of Error:

{¶14} "THE TRIAL COURT ERRED IN ORDERING CASTLE BAIL BONDS TO PAY THE TRIAL COURT'S $100,000 BOND FORFEITURE ORDER, BECAUSE THE TRIAL COURT'S DECISION DID NOT COMPLY WITH R.C. 2937.36(C)."

## ANALYSIS

{¶15} In its sole Assignment of Error, Castle Bail Bonds contends the trial court erred when it did not grant it an extension of time to show cause pursuant to statutory time requirements in R.C. 2937.36(C). We agree.

{¶16} R.C. 2937.36(C) states:

(C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and *which shall be not less than forty-five nor more than sixty days from the date of mailing notice*, why judgment should not be entered against each of them for the penalty stated

in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

(Emphasis added.)

{¶17} In this case, the trial court set the show cause hearing for 20 days after the order of forfeiture, in contravention of the R.C. 2937.36(C). The State concedes the error in its Appellee's brief.

{¶18} Accordingly, we sustain the Assignment of Error. July 17, 2019 Judgment Entry of Forfeiture of Bond is vacated and the matter is remanded to the trial court for further proceedings consistent with this Opinion and law.

**CONCLUSION**

{¶19} The judgment of the Muskingum County Court of Common Pleas is vacated and the matter remanded for further proceedings.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.